IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>NELSON MUNOZ<br><br>Petitioner,<br><br>v.<br><br>RICHARD YOUNG, Warden,<br>Western Illinois Correctional Center,<br><br>Respondent. | No. 12 C 3978<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Petitioner Nelson Munoz ("Munoz") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Richard Young ("Young"), Warden of the Western Illinois Correction Center, moves to dismiss the petition as untimely. For the reasons stated herein, Young's Motion to Dismiss is granted with prejudice.

## BACKGROUND

On January 23, 1998, a Lake County jury convicted Munoz of first degree murder. The trial court subsequently entered judgment and sentenced Munoz to a forty-six year prison term, and the Illinois Appellate court affirmed the conviction and sentence on September 10, 1997. *People v. Munoz*, No. 2-98-0287, (Ill. App. 2000). Following this ruling, Munoz filed a Petition for Leave to Appeal ("PLA") to the Illinois Supreme Court, which denied Munoz's petition without opinion on July 5, 2000. Munoz did not file a petition for writ of certiorari following the resolution of his direct appeal. Instead, on June 9, 2008, Munoz filed a petition for post-conviction relief pursuant to 725 ILCS 5/122-1, *et seq*, alleging actual innocence and ineffective assistance of counsel. The Illinois

state trial court denied the petition following an evidentiary hearing and the Illinois appellate court affirmed on August 17, 2011. Munoz then filed a post-conviction PLA, which the Illinois Supreme Court. The Illinois Supreme Court denied on November 30, 2011. Munoz did not petition the United States Supreme Court for a writ of certiorari after the denial of his collateral attack on his conviction. Six months later, on May 22, 2012, Munoz filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Munoz alleges: (1) the Illinois Appellate Court applied the wrong standard in analyzing the sufficiency of the evidence on direct appeal; (2) evidence developed in postconviction proceedings overwhelmingly showed that he was actually innocent; and (3) his trial counsel was ineffective for failing to investigate and call witnesses at his trial.

## DISCUSSION

### I. Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year period of limitation shall apply to an application writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The statute begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* The AEDPA also provides that the time during which a properly filed application for State post-

conviction relief or other collateral review is pending shall not be counted toward the one-year limitation period. 28 U.S.C. § 2244(d)(2).

In this case, Munoz's conviction became final on October 3, 2000, when the time to file a petition for writ of certiorari with the United States Supreme Court expired. *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009); *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (conviction becomes final under § 2244(d)(1)(A) when the time to file a petition for writ of certiorari expires). The statute of limitations period began running on October 4, 2011, and it continued to run until Munoz filed his petition for post-conviction relief on July 9, 2008. Although the filing of his petition would normally toll the statute of limitations pursuant to § 2244(d)(2), nearly eight years of untolled time had already passed between the conclusion of Munoz's direct review and the beginning of his post-conviction proceedings in state court. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (post-conviction petition merely excludes time from the tolling period; it does not restart the period); *Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005) (finding that a state collateral proceeding after one-year statute has expired does not have an effect under § 2244(d)(2)). Because the statute of limitations for filing the petition now before the current expired during that eight-year period, Munoz's application for habeas relief under § 2254 is untimely.

**II.     Equitable Tolling**

Munoz does not dispute, and thus concedes, that the statute of limitations began to accrue the date judgment became final in his case. Notwithstanding his failure to timely file his petition, however, Munoz asks the Court to apply the doctrine of equitable tolling to find his petition timely. The doctrine of equitable tolling is available to Munoz if he can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented

3

him from timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Griffeth v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010). Munoz bears the burden to show he is entitled to equitable tolling, *DiGugliemo*, 544 U.S. at 418, and the circumstances alleged by Munoz must be truly extraordinary in order to warrant its application. *Tucker v. Kingston*, 538 F.3d 732 (7th Cir. 2008) (holding that limited resources or lack of legal expertise are insufficient to invoke equitable tolling; *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (refusing to apply equitable tolling when petitioner had been placed in segregation for sixty days without access to the law library and as a result was twenty days late in filing his habeas petition); *see also Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) ("[W]e have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.")

Here, Munoz names three individuals – Kevin Anderson, RaShirely Santiago, and Milton Munoz – who he now believes are relevant witnesses to his case. Munoz argues the statute of limitations should be tolled because his failure to timely file was not caused by his neglect but rather because he only recently became aware that these individuals were relevant to his case. Specifically, Munoz states he did not know Kevin Anderson was a relevant witness until November 2007, that he did not become familiar with RaShirely Santiago until after his post-conviction petition had already been filed, and that he was unaware Milton Munoz was a relevant witness in his case until Santiago testified at his postconviction proceedings.

Under § 2244(d)(1)(D), Munoz may claim the benefit of a later start to the statute of limitations period only if he acted with due diligence in discovering the factual basis of his claim. *See Daniels*, 421 F.3d 490, 492 (7th Cir. 2005); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (limitations period begins to run "when the factual predicate could have been discoverable through

4

the exercise of due diligence, not when it was actually discovered by a given prisoner"). Here, Munoz does not dispute that he knew all three "new" witnesses at the time of his trial. Kevin Anderson went to school with Munoz for a number of years and was at the scene of the crime at the same time as Munoz. The second witness, RaShirely Santiago, lived in Munoz's neighborhood and has known Munoz since 1997. (Dkt. No. 12-8, p. 92.) The testimony illicted at the post-conviction hearing in state court also demonstrated that Santiago accompanied Munoz to the scene of the crime just before the crime was committed. The third witness, Milton Munoz, is the petitioner's brother.

In light of the fact that Munoz was aware of Anderson and Santiago and their presence at the crime scene at the time of his trial, the Court finds that the facts underlying Munoz's claims here in federal court were discoverable through the exercise of reasonable diligence before Munoz's conviction became "final" under § 2244(d)(1)(A). Munoz's failure to timely file his petition could only be excused if "despite exercising reasonable diligence, [Munoz] could not have learned the information he needed in order to file on time." *Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). In this case, Munoz presents no facts explaining why he was unable to independently identify that a friend he went to school with for years, an individual who accompanied him to the crime scene, and his own brother were relevant witnesses before his post-conviction suppression hearings. Therefore, the Court cannot conclude that Munoz has met his burden of demonstrating that he acted diligently in discovering the factual basis for his claims.

Even if the Court were to find that Munoz worked diligently to discover the factual basis for his claims, Munoz still must point to "extraordinary circumstances" that prevented a timely filing. Munoz has not done so here. A petitioner's failure to discover relevant witnesses might constitute "excusable neglect," which the Supreme Court has found insufficient to support an application of

5

equitable tolling, *Irwin v Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), Munoz cites to no authority supporting the proposition that such a failure amounts to an "extraordinary circumstance," especially in light of the fact that all three witnesses were known to him at the time of his trial. Equitable tolling requires truly extraordinary events. *See, e.g., Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) (allowing equitable tolling where court lost petitioner's petition); *Laws v. LaMarque*, 351 F.3d 919, 923 (9th Cir. 2003) (same where petitioner's competency was questionable at the time the petition was due). Because Munoz has not met his burden of demonstrating extraordinary events here, the statute of limitations period with respect to his § 2254 petition would not be subject to equitable tolling even if he had shown that reasonable diligence in uncovering the factual bases for his claims.

### III. Certificate of Appealability

Unless the Court issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A). "Only if the applicant has made a substantial showing of the denial of a constitutional right" can the Court issue the certificate. 28 U.S.C. § 2253(c)(2). Where, as here, the Court dismisses a petition on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 485 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should

be allowed to proceed further." *Id.* at 484. Here, it is indisputable that Munoz's habeas petition is time-barred. Therefore, no reasonable jurist could conclude that the Court has erred in dismissing the petition. Accordingly, the Court denies Munoz a certificate of appealability.

## **CONCLUSION**

For the reasons set forth above, the Court grants Young's Motion to Dismiss Munoz's Petition for Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. §2244(d). The Court dismisses Munoz's petition with prejudice and denies Munoz a certificate of appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: **12/27/2012**